IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CHARLES E. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-4189-CV-C-ODS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security. ) | |
| ) | |

**ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION
AND REMANDING FOR RECONSIDERATION**

Pending is Plaintiff's request for review of the Commissioner of Social Security's final decision denying his applications for disability benefits. The Commissioner's decision is reversed, and the case is remanded for reconsideration.

The ALJ applied the five-step sequential process for evaluating disability claims, and found Plaintiff was not disabled at step four of the process because he retained the residual functional capacity ("RFC") to return to his past work as it was actually performed. Plaintiff does not challenge the ALJ's assessment of his RFC; instead, he challenges the ALJ's assessment of the job requirements as they were actually performed.

The Commissioner correctly contends that at step four the claimant is deemed not disabled if can perform *either* (1) the functional demands of his job as he actually performed them or (2) the functional demands of the job as it exists in the national economy. E.g., Wagner v. Astrue, 499 F.3d 842, 853 (8th Cir. 2007). Here, the ALJ was quite clear in finding Plaintiff could perform his past work as a Security Aide II at the State Mental Hospital as it was actually performed by him. R. at 26. He described that past work thusly:

> The claimant's past relevant work . . . was performed at the sedentary level of exertion as he actually performed it. He described his job as watching monitors, answering phones, and letting people in and out of

> buildings. He also transported patients to Columbia from time to time. He reported in this job he walked 1 hour, stood 1 hour and sat 6 hours during an 8-hour day. The heaviest weight he lifted was 10 pounds.

R. at 26. The Record supports these findings. Plaintiff described the exertional requirements in a form filed during the administrative process. On that form, he added to the answer about lifting that there was "no major lifting required for last several years at job." In a box asking him to describe what he did "all day," he wrote that he "watched monitors and answered phones. I let people in and out of the buildings. I also transported patients to Columbia from time to time." R. at 161. During his testimony, Plaintiff explained that the State Hospital housed "criminally insane" and "violent" patients, and it was often necessary to restrain and otherwise physically control them. R. at 42-43, 50.

Plaintiff contends the ALJ's findings are inconsistent with the job requirements as set forth by the State Hospital as described in the hospital's own records. R. at 132. This point is not entirely conclusive because, as stated, the ALJ found Plaintiff could perform his past work as it was actually performed, not as the job is typically performed. However, the typical job requirements do lend some credence to Plaintiff's testimony that his duties included having to physically restrain (or at least be capable of restraining) violent and difficult patients, and makes the ALJ's omission of the these requirements even more troubling.

The Commissioner argues the ALJ is entitled make findings regarding the duties actually performed by Plaintiff and in doing so may resolve factual differences in the Record. This is true – but in this case, it is not clear whether the ALJ "resolved a factual difference" or simply overlooked the evidence. Plaintiff testified that his job duties included addressing violent individuals; if the ALJ found this testimony not credible, one would expect him to have said so. It could be that the ALJ found the testimony was inconsistent with Plaintiff's statements on the form appearing at page 161, but if this is so (1) one must first conclude the information was fairly sought on the form, which is not an obvious point, (2) again, one would expect the ALJ to indicate that he placed more credence on Plaintiff's written answer, and (3) one would expect some clear indication

2

that Plaintiff did not actually have to perform the job as it is typically performed. Ultimately, it is hard to conclude that the ALJ was resolving a factual dispute when the dispute is not even mentioned.

The Court does not believe there is substantial evidence in the Record as whole to support the ALJ's assessment of Plaintiff's actual job duties. It is not clear that the form fairly sought information about the need to be capable of handling violent patients, nor is it clear that handling violent patients should be considered on a list of job tasks Plaintiff did "all day." While it may be, as the Commissioner' suggests, that Plaintiff's job duties were modified for him, the Record does not contain substantial evidence supporting this conclusion.

Plaintiff's suggestion that he is entitled to an award of benefits is rejected. The Record does not conclusively establish that Plaintiff is entitled to benefits; for that matter, it does not conclusively establish that he is unable to perform his past work. The case must be reversed and remanded for re-evaluation at step four of the sequential analysis and, if necessary, for consideration at step five.

IT IS SO ORDERED.

DATE: April 19, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT